## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RAY AUGUSTA GILMORE,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. RDB-20-3506** |
| **BERNARD C. YOUNG,** *et al.*, | * | |
| **Defendants.** | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM ORDER

On December 2, 2020, *pro se* Plaintiff Agnes Gilmore ("Plaintiff" or "Gilmore") filed suit against Defendants Bernard C. Young ("Young"), N. Anthony Calhoun ("Calhoun"), David A. Randall ("Randall"), and Tracey D. Williams ("Williams") (collectively the "Defendants") alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Maryland Fair Employment Practices Act ("MFEPA") codified in Md. Code Ann., State Gov't § 20-602 and Article 4 of the Baltimore City Code.  (ECF No. 1.) Presently pending is the Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 7).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, the Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.  This dismissal is WITHOUT PREJUDICE to the filing of an Amended Complaint within a specified time period.

### BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's Complaint (ECF No. 1). *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Additionally, because the Plaintiff

is proceeding *pro se*, this Court has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Plaintiff Gilmore is a resident of Baltimore County, Maryland. (ECF No. 1 ¶ I.A.)  Defendant Young is the former Mayor of Baltimore City.  (*Id.* ¶ I.B.) Defendant Calhoun is the Executive Director of the Baltimore City Fire & Police Employees' Retirement System.  (*Id.*)  Defendant Randall is the former deputy Director of the Baltimore City Fire & Police Employees' Retirement System.  (*Id.*; ECF No. 7-1 at 1.)  Finally, Defendant Williams is a Retirement Benefit Analyst Supervisor for Baltimore City Fire and Police Employees' Retirement System.  (ECF No. 1 at p. 9.)

On June 14, 2018, Plaintiff was interviewed by Defendant Randall for a position as a Retirement Benefit Analyst ("RBA") for the Baltimore City Fire and Police Employees' Retirement System ("F&P").  (ECF No. 1-1 at 1.)  According to Gilmore, Randall expressed skepticism to him about hiring a male RBA and allegedly stated that it was a practice of the F&P to hire all female analysts.  (*Id.*)  Nevertheless, Gilmore was hired on a probationary basis. (*Id.*)

Gilmore alleges that during this probationary period, female RBAs and other female support staff were involved in discriminating against him based on his sex.  (*Id.* at 4-5.)  He asserts that he reported this conduct to his immediate supervisor, Defendant Williams, but that her only response was to "just ignore them."  (*Id.* at 5.)  Gilmore also alleges that despite favorable reviews throughout the probationary period, he was abruptly terminated by Defendant Williams on January 20, 2019—less than one week before he would have completed his probationary period.  (*Id.* at 1.)  Gilmore alleges that this termination was based

on his sex.  (*Id.*)  Sharda Brown, a woman hired alongside Gilmore, was not terminated and was promoted to permanent status at the end of her probationary period.  (*Id.*)

On February 19, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging a charge of sex discrimination. (ECF No. 1-3 at 2.)  On September 10, 2020, the EEOC issued a Dismissal and Notice of Rights to Gilmore, stating that based on its investigation, the EEOC was "unable to conclude that the information obtained establishes violations of the statutes."  (*Id.* at 1.)  On December 2, 2020, Gilmore filed this suit against Williams, Calhoun, Randall, and Young, claiming that these Defendants are liable for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Maryland Fair Employment Practices Act ("MFEPA") codified in Md. Code Ann., State Gov't § 20-602; and Article 4 of the Baltimore City Code.  (ECF No. 1.)  On March 22, 2021, the Defendants filed a Motion to Dismiss (ECF No. 7).

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(a)(2).  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendant's Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge (ECF No. 1-3).  *See Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint.") (citations omitted).

## ANALYSIS

Plaintiff Gilmore filed this suit against the Defendants in their individual capacities under Title VII, Maryland law, and the Baltimore City Code.  (ECF No. 1.)  The Defendants assert that this suit must be dismissed because fair employment practice laws do not permit such suits against individuals, personally or in their supervisory capacity.  (ECF No 7-1.)  With respect to the Plaintiff's claims under federal and Maryland law, the Defendants are correct.

Indeed, it is well-established that "supervisors are not liable in their individual capacities for Title VII violations."  *Lissau v. Southern Food Servs., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). In *Lissau*, the United States Court of Appeals for the Fourth Circuit held that only an employer may be held liable for Title VII violations, and that individual liability under Title VII "would improperly expand the remedial scheme crafted by Congress."  *Id.* at 181.  Accordingly, supervisors cannot be held individually liable under Title VII.  For the same reasons, the Fourth Circuit has held that an individual cannot be held personally liable under the federal Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, or the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, either.  *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994) (noting that Title VII limits actions to employers and holding that ADEA limits civil liability to employers in the same manner); *see Baird ex rel. Baird*

*v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (citing *Hiler v. Brown*, 177 F.3d 542, 545-47 (6th Cir. 1999) (noting that because the Rehabilitation Act incorporates the remedies available under Title VII, it does not permit actions against defendants in their individual capacities)). Following the development of federal law in this area, this Court has held that the Maryland Fair Employment Practices Act ("MFEPA") also does not provide a claim against individuals. As MFEPA defines "employer" in an almost identical manner to Title VII, this Court has held that the analysis for MFEPA is the same as under Title VII. *See Jackson v. Baltimore Police Dep't*, No. WDQ-11-3569, 2013 WL 1121412, at *4 n.14, *10 (D. Md. Mar. 15, 2013) (citing *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 752 (Md. 2007)) (dismissing MFEPA claim asserted against individual defendant).

Essentially, the Defendants as individuals simply cannot be held liable for this sort of employment discrimination claim under federal or Maryland law. *See Hayes v. Maryland Transit Admin.*, No. RDB-18-0691, 2018 WL 5809681, at *9 (D. Md. Nov. 6, 2018) (citations omitted) (dismissing claims against employees in both official and individual capacities under, *inter alia*, Title VII and MFEPA). There are no facts the Plaintiff could allege in support of his claims that would create a cause of action and entitle him to relief under Title VII or MFEPA against these defendants. Accordingly, the Plaintiff's claims against these Defendants are DISMISSED pursuant to Rule 12(b)(6). However, as a general rule, leave to amend a complaint to address deficiencies in an original complaint is freely given pursuant to Rule 15(a). *See* William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, *Federal Civil Procedure* § 9:286. Indeed, there is authority that a plaintiff should be given at least one opportunity to amend a complaint before a dismissal of the case with prejudice. *See Silva v.*

*Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003).   If Plaintiff Gilmore possess facts to cure such manifest deficiency and can name a proper defendant for these claims, he may file an Amended Complaint within fourteen days of this Memorandum Order, i.e., by May 26, 2021.[1]

With respect to the Plaintiff's claim under the Baltimore City Code, this Court also holds that the Plaintiff has failed to state a claim for relief.  The Plaintiff asserts that the Defendants are liable under Article 4 of the Baltimore City Code which generally prohibits discrimination on the basis of race, religion, national origin, ancestry, age, sex, color, physical or mental disability, sexual orientation, and gender identity for expression in the areas of employment, public accommodations, education, health and welfare services, and housing.  *See* Balt., Md., City Code Art. 4 (2010).  However, in *Ferdinand-Davenport v. Children's Guild*, Judge Blake of this Court noted that the Baltimore City Code does not provide for a private right of action.  742 F. Supp. 2d 772, 783 n.7 (D. Md. Oct. 6, 2010).  Therefore, claims brought by Plaintiff Gilmore, a private individual, under the Baltimore City Code are without merit.  *Id.* There are simply no facts the Plaintiff could allege to create a cause of action under the Baltimore City Code, and futility of an amendment would be futile.  Accordingly, his claim under the code is DISMISSED WITH PREJUDICE.  *See* Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure* § 9:294.1; *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

For these reasons, it is HEREBY ORDERED this 12th Day of May, 2021 that:

1.  The Defendants' Motion to Dismiss (ECF No. 7) is GRANTED;

---

[1] *See* Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial* § 9:289.  The time within which plaintiff must serve and file the amended complaint is ordinarily set by the court.

7

2.  With respect to the Plaintiff's claims under Title VII and the Maryland Fair Employment Practices Act, the Plaintiff's claims are DISMISSED WITHOUT PREJUDICE with leave to Plaintiff Gilmore to file an amended complaint within fourteen days of this Order, i.e. by May 26, 2021.  If an Amended Complaint is not filed by May 26, 2021, the Clerk of this Court is directed to CLOSE THIS CASE with a DISMISSAL WITH PREJUDICE;

3.  With respect to the Plaintiff's claim under the Baltimore City Code, the Plaintiff's claim is DISMISSED WITH PREJUDICE;

4.  The Clerk of his Court shall transmit of copy of this Memorandum Order to counsel of record.


　　　　　　　　　　　　/s/
　　　　　　　　Richard D. Bennett
　　　　　　　　United States District Judge